UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

NOV 14 2011

RECEIVED

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED NOV 14 2011

CLERK

IN THE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| PLANT OIL POWERED DIESEL FUEL SYSTEMS, INC., | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | ) ) ) |
| LISA P. JACKSON, ADMINISTRATOR, | ) ) ) |
| UNITED STATES DEPARTMENT OF TRANSPORTATION, | ) ) ) |
| and | ) ) |
| RAY LAHOOD, SECRETARY, | ) ) |
| Respondents. | ) ) |

No. ___11-1441___

## PETITION FOR REVIEW OF AGENCY FINAL RULES

Petitioner Plant Oil Powered Diesel Fuel Systems, Inc. ("POP Diesel™"), by its general counsel, petitions this Court for review of the Greenhouse Gas Emissions Standards and Fuel Efficiency Standards for Medium- and Heavy-Duty Engines and Vehicles ("Greenhouse Gas Standards" or "GHG Standards") promulgated by respondents Lisa P. Jackson, Administrator of the United States Environmental Protection Agency ("EPA") and Ray LaHood, Secretary of the United States Department of Transportation ("DOT"), acting for DOT's National Highway Traffic Safety Administration, and in support, states as follows:

### The Parties

1.  Respondents are the federal agencies and their directors who co-signed and published the Greenhouse Gas Standards under statutory authority, the Clean Air Act ("CAA")

and the Energy Independence and Security Act of 2007 ("EISA"), on September 15, 2011. 76 Fed. Reg. 57106.

2.  Petitioner POP Diesel™ is a New Mexico corporation whose technology enables any compression ignition (diesel) engine, including medium- and heavy-duty engines covered by the GHG Standards, to operate on 100 percent vegetable oil fuel cleanly, safely, efficiently, and without detriment to the engine's performance. Vegetable oil is derived from non-fossilized biological matter and thus, its cultivation and use as fuel contributes only minimally to greenhouse gasses. POP Diesel™ manufactures and sells straight vegetable oil fuel, whose chemical name is triglyceride fuel, suitable for use in a diesel engine.

## Jurisdiction

3.  Jurisdiction for review of final agency promulgation of the Greenhouse Gas Standards lies in this Court pursuant to the Clean Air Act. CAA section 307(b)(1) (42 U.S.C. 7607(b)(1)).

4.  POP Diesel™ submitted timely, formal comments to the respondents' notice of proposed rulemaking.

## General Allegations

5.  Vegetable oil fuel, if properly managed in a diesel engine via POP Diesel™'s patented auxiliary fuel system equipment, offers superior greenhouse gas reduction benefits to petroleum fuel and biodiesel. First, vegetable oil fuel displaces emissions of the fossilized carbon inhering in petroleum fuel, a primary contributor to greenhouse gas accumulation. Second, less energy is required to manufacture vegetable oil fuel than to manufacture biodiesel because the triglyceride molecules are left intact and are not subject to the costly and energy-

1

intensive process of transesterification that transforms triglyceride molecules into biodiesel.

    6.    The Greenhouse Gas Standards are inconsistent with law and arbitrary and capricious, 42 U.S.C. section 7607(d)(9)(A), for the following reasons, among others:

        a.    The CAA requires EPA to prescribe standards that apply to greenhouse gas emissions. Section 202(a)(1) (42 U.S.C. section 7521(a)(1)). "The levels [of emissions] chosen must be premised on a finding of technological feasibility." 76 Fed. Reg. 57129. In assessing issues of technical feasibility and new technology, "EPA is not obliged to provide detailed solutions to every engineering problem posed." 76 Fed. Reg. 57130 (quoting <u>Natural Resources Defense Council v. EPA</u>, 655 F.2d 318, 322 (D.C. Cir. 1981). POP Diesel™'s auxiliary fuel system is a technologically feasible means to significantly reduce net, per-engine and aggregate emissions of greenhouse gasses by enabling them to operate on 100 percent vegetable oil fuel. The GHG Standards and, more broadly, the CAA do not in any way take into account or give any favorable credit for an engine so equipped that runs on such fuel.

        b.    The GHG Standards are premised on the arbitrary and capricious conclusion that they will reduce total overall energy consumption by means solely and exclusively of mandating an improvement in fuel consumption efficiency (i) without giving any regard to the advantageous life cycle emissions of vegetable oil fuel, as compared to petroleum diesel and other technologies and fuels considered, and (ii) without considering the paradoxically harmful macroeconomic effect of increased demand for and usage of diesel engines and overall energy consumption by utilizing solely and exclusively a fuel efficiency approach to regulating greenhouse gasses.

            i.    In predicting the expenditure of total overall energy consumption

under the GHG Standards, EPA and DOT did not differentiate between fossil fuel energy consumption, which contributes directly to greenhouse gas accumulation, and non-fossil fuel energy consumption, which, in general, make a net lower contribution to greenhouse gas accumulation.

       ii.    EPA and DOT aggregated the emissions improvements mandated by improved fuel efficiency in individual engines and vehicles, as multiplied by "recent sales projections." 76 Fed. Reg. 57292. This method and formula failed to consider the macroeconomic rebound effect that improved fuel economy may have of increasing aggregate demand for and use of medium- and heavy-duty engines and the energy resource, in particular, petroleum fossil fuel.

    c.    Because the GHG Standards and the CAA fail to take into account the reduced greenhouse gas emissions that would result from giving credit for the use of an engine equipped to operate on 100 percent, un-esterified vegetable oil fuel that is not blended with petroleum diesel, EPA and DOT arbitrarily, capriciously, unreasonably, and erroneously determined that manufacturer fleetwide average requirements for greenhouse gas emissions from Class 3 through 8 heavy duty vehicles are not technologically feasible at this time.

## Prayer for Relief

POP Diesel™ requests that this Court vacate the GHG Standards, as appropriate; remand them to the respondents for further rulemaking not inconsistent with its decision; and award POP Diesel™ its reasonable attorney's fees and costs and such further relief as is just.

    Respectfully submitted,

    Plant Oil Powered Diesel Fuel Systems, Inc.,
    by its General Counsel

3

*[signature]*

Claude D. Convisser
General Counsel
P.O. Box 6397
Santa Fe, New Mexico 87502
tel. 505-310-3840
fax 866-239-7527
cdc@popdiesel.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November, 2011, I caused this document and a separate petition for reconsideration of agency final rulemaking to be served by hand delivery upon:

Secretary Ray LaHood
U.S. Department of Transportation
1200 New Jersey Avenue, S.E.
Washington, D.C. 20590

Administrator Lisa P. Jackson
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

_____
Claude D. Convisser