ORAL ARGUMENT NOT YET SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| PLANT OIL POWERED ) | |
| DIESEL FUEL SYSTEMS, INC., ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 11-1428 |
| v. ) | (consolidated with |
| ) | Case Nos. 11-1441 and |
| UNITED STATES ENVIRONMENTAL ) | 12-1427) |
| PROTECTION AGENCY, ET AL., ) | |
| ) | |
| Respondents. ) | |

### PETITIONER POP DIESEL'S RESPONSE TO PETITIONER DELTA CONSTRUCTION CO., INC., ET AL.'S MOTION TO SPLIT THEIR BRIEFING

Petitioner Plant Oil Powered Diesel Fuel Systems, Inc. ("POP Diesel"), by its General Counsel, states as its response to co-petitioners Delta Construction Co., Inc., et al.'s (together "Delta Construction") motion to split their briefing ("Delta Construction's motion", Doc. 1505439) as follows:

POP Diesel disagrees that the co-petitioners have "irreconcilable differences." POP Diesel's counsel has quite a good working relationship with Delta Construction's lead counsel, who is on medical leave recovering from open heart surgery. The Court granted Delta Construction a three-month extension of the briefing schedule to allow its lead counsel time to recover. Order of June 20,

2014 (Doc. 1498810), granting Delta Construction's motion to extend time for the petitioners to file their joint reply (Doc. 1498569).

POP Diesel fears that Delta Construction's supervisory counsel took one incident the wrong way. POP Diesel's counsel could not consent to the request for a three-month extension of the briefing schedule for the petitioners to file their joint reply because it was contrary to the interests of the client. (Delta Construction's supervisory counsel mis-informed the Court that POP Diesel opposed this request. Doc. 1498569). POP Diesel meant no personal affront to Delta Construction's counsel by not consenting to the request for an extension of time. POP Diesel offers the following explanation. POP Diesel's sole counsel was schooled in the United States District Court for the Eastern District of Virginia, commonly known as the "Rocket Docket." If a party in that Court is represented by more than one counsel of record, it will never receive an extension of time, on the theory that each counsel of record, by entering his or her appearance, is fully responsible for the conduct of the case. In addition, POP Diesel's argument on the merits of this case is that the regulations under challenge are ineffectual and even counter-productive, and therefore, they are exacting a negative and unnecessary toll, not only on POP Diesel, but also, on our economy and the environment. (Delta Construction challenges them from a different

perspective, that these regulations required additional review before promulgation because they are unjustified and over-burdensome.).  Therefore, POP Diesel was unable to consent to the perpetuation of these regulations by three additional months, to allow for one lawyer who is duplicated by co-counsel of record to make a medical recovery.  Nonetheless, POP Diesel appreciates the comity with which this Court operates.  POP Diesel did not inform Delta Construction's supervisory counsel that it opposed the motion for an extension of time, only that it could not consent to that motion.

   The grant of Delta Construction's motion for an extension of time opened a window to allow for correction of POP Diesel's portion of their joint opening brief without prejudice to the Court's schedule for reaching the merits.  POP Diesel stated in its motion for leave to file a corrected brief that Delta Construction's lead counsel was adamant before his medical emergency that he preferred to wait until the end of briefing to file his corrections to the opening brief.  Doc. 1503906, at 5.  Therefore, on POP Diesel's subsequently realizing a greater need for it to file its corrections during the lull in briefing occasioned by the absence of Delta Construction's lead counsel to give the respondents a corresponding opportunity to make any corrections of their own, POP Diesel believed it could be construed to be manipulative of co-petitioners' counsel to inquire of Delta Construction's

3

supervisory counsel, behind lead counsel's back, whether he personally would consent to POP Diesel's motion before the return of Delta Construction's lead counsel.  Nonetheless, POP Diesel admits that such an inquiry by POP Diesel's counsel would have been courteous, and POP Diesel hereby apologizes to Delta Construction's supervisory counsel for not alerting him ahead of time to the filing of POP Diesel's motion for leave to file a corrected brief.  POP Diesel anticipated that if this Court grants POP Diesel's motion for leave to file a joint corrected opening brief at this time, Delta Construction would file its corrections at a later date, after its lead counsel returned.

   As for Delta Construction's general allegation that the two sets of petitioners have not been able to agree on "strategy, style, format, content, procedure [and] even costs," POP Diesel disagrees, at least with respect to Delta Construction's lead counsel, for whose medical recovery the Court has already granted Delta Construction the relief of a three-month extension of the briefing schedule.  There have been minor disagreements, but the petitioners' counsel are not married to each other.  They have a limited, time-bound relationship and need only cooperate through the termination of this case, which as adults, we ought to be able to do, especially with regards to the easier, remaining task of a joint reply brief.

4

POP Diesel notes that the petitioners initially requested to file separate briefs, a request this Court denied in favor of ordering consolidated briefs. Order of Feb. 4, 2014 (Doc. 1478223), regarding the parties' joint motion for entry of a briefing format (Doc. 1466207). To the extent that Delta Construction's motion retreads a request that this Court has already ruled on, POP Diesel believes that its motion is inappropriate. In the alternative that the Court grants Delta Construction's motion, POP Diesel requests that the Court order that the word allocation between petitioners be in the proportion that POP Diesel and Delta Construction's lead counsel already agreed on and implemented in their joint opening brief: 10,500 words for POP Diesel and 7,500 words for Delta Construction, in keeping with the proportionate request for word limits set forth in the joint motion for entry of a briefing format, rather than the 50-50 split requested by Delta Construction's supervisory counsel in his motion.

        Respectfully submitted,

        Petitioner Plant Oil Powered
        Diesel Fuel Systems, Inc.,
        by its General Counsel

/ s / *Claude D. Convisser*

Claude D. Convisser
President & General Counsel
Plant Oil Powered Diesel Fuel Systems, Inc.
P.O. Box 6397
Santa Fe, New Mexico 87502
tel. 505-310-3840
fax 866-239-7527
cdc@popdiesel.com

## CERTIFICATE OF SERVICE

I certify that on this 1st day of August, 2014, I caused this document and its exhibits to be served electronically by the Court's CM/ECF system on all counsel of record in this and the consolidated cases and that within three days, I will serve an original, signed in pen, and four paper copies by priority, U.S. mail on the Clerk of this Court.

          / s / *Claude D. Convisser*
          Claude D. Convisser